# UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

UNITED STATES OF AMERICA

v.

ROLAND GARCIA
True Name: Roland Anthony Garcia
Aka: Roland A. Garcia, RA Garcia, Roland Garcia

Defendant.

Case Number: 1:24-CR-00100(14)- RP
USM Number: 16753-511

## JUDGMENT IN A CRIMINAL CASE
### (For Offenses Committed On or After November 1, 1987)

The defendant, ROLAND GARCIA, was represented by Joey Contreras.

The defendant pled guilty to Count(s) One of the Indictment on December 4, 2024. Accordingly, the defendant is adjudged guilty of such Count(s), involving the following offense(s):

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(C) | Conspiracy to Possess with Intent to Distribute and Distribution of a Controlled Substance, Cocaine | 05/31/2024 | 1 |

As pronounced on March 28, 2025, the defendant is sentenced as provided in pages 2 through 6 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the Court and United States Attorney of material changes in economic circumstances.

Signed this 31st day of March, 2025.

ROBERT PITMAN
United States District Judge

AO 245B (Rev. TXN 10/12) Judgment in a Criminal Case                                                                Judgment -- Page 2 of 6

DEFENDANT:          ROLAND GARCIA  
CASE NUMBER:        1:24-CR-00100(14) -RP

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of 20 months as to count 1.

The Court recommends to the Bureau of Prisons that the defendant be placed in a federal facility as close to Three Rivres area as possible for family visitation.

The defendant shall surrender for service of sentence at the institution designated by the Federal Bureau of Prisons as notified by the United States Marshal.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

UNITED STATES MARSHAL

By  
DEPUTY UNITED STATES MARSHAL

DEFENDANT:         ROLAND GARCIA
CASE NUMBER:       1:24-CR-00100(14) -RP

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **three (3) years.**

While on supervised release, the defendant shall comply with the mandatory, standard and if applicable, the special conditions that have been adopted by this Court, and shall comply with the following additional conditions:

The defendant shall submit his or her person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States probation officer. Failure to submit to a search may be grounds for revocation of release. The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition. The probation officer may conduct a search under this condition only when reasonable suspicion exists that the defendant has violated a condition of supervision and that the areas to be searched contain evidence of this violation. Any search shall be conducted at a reasonable time and in a reasonable manner.

The defendant shall participate in a substance abuse treatment program and follow the rules and regulations of that program. The program may include testing and examination during and after program completion to determine if the defendant has reverted to the use of drugs. The probation officer shall supervise the participation in the program (provider, location, modality, duration, intensity, etc.). During treatment, the defendant shall abstain from the use of alcohol and any and all intoxicants. The defendant shall pay the costs of such treatment if financially able.

The defendant shall not use or possess any controlled substances without a valid prescription. If a valid prescription exists, the defendant must disclose the prescription information to the probation officer and follow the instructions on the prescription.

The defendant shall participate in a mental health treatment program and follow the rules and regulations of that program. The probation officer, in consultation with the treatment provider, shall supervise participation in the program (provider, location, modality, duration, intensity, etc.). The defendant shall pay the costs of such treatment if financially able.

The defendant shall take all mental health medications that are prescribed by the treating physician.

DEFENDANT:        ROLAND GARCIA
CASE NUMBER:      1:24-CR-00100(14) -RP

# CONDITIONS OF SUPERVISION

Mandatory Conditions:

[1]  The defendant shall not commit another federal, state, or local crime during the term of supervision.

[2]  The defendant shall not unlawfully possess a controlled substance.

[3]  The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release on probation or supervised release and at least two periodic drug tests thereafter (as determined by the court), but the condition stated in this paragraph may be ameliorated or suspended by the court if the defendant's presentence report or other reliable sentencing information indicates low risk of future substance abuse by the defendant.

[4]  The defendant shall cooperate in the collection of DNA as instructed by the probation officer, if the collection of such a sample is authorized pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000 (42 U.S.C. § 14135a).

[5]  If applicable, the defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et. seq.*) as instructed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which the defendant resides, works, is a student, or was convicted of a qualifying offense.

[6]  If convicted of a domestic violence crime as defined in 18 U.S.C. § 3561(b), the defendant shall participate in an approved program for domestic violence.

[7]  If the judgment imposes a fine or restitution, it is a condition of supervision that the defendant pay in accordance with the Schedule of Payments sheet of the judgment.

[8]  The defendant shall pay the assessment imposed in accordance with 18 U.S.C. § 3013.

[9]  The defendant shall notify the court of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution, fines or special assessments.


Standard Conditions:

[1]  The defendant shall report to the probation office in the federal judicial district where he or she is authorized to reside within 72 hours of release from imprisonment, unless the probation officer instructs the defendant to report to a different probation office or within a different time frame.

[2]  After initially reporting to the probation office, the defendant will receive instructions from the court or the probation officer about how and when to report to the probation officer, and the defendant shall report to the probation officer as instructed.

[3]  The defendant shall not knowingly leave the federal judicial district where he or she is authorized to reside without first getting permission from the court or the probation officer.

[4]  The defendant shall answer truthfully the questions asked by the probation officer.

[5]  The defendant shall live at a place approved by the probation officer. If the defendant plans to change where he or she lives or anything about his or her living arrangements (such as the people the defendant lives with), the defendant shall notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, the defendant shall notify the probation officer within 72 hours of becoming aware of a change or expected change

[6]  The defendant shall allow the probation officer to visit the defendant at any time at his or her home or elsewhere, and the defendant shall permit the probation officer to take any items prohibited by the conditions of the defendant's supervision that are observed in plain view.

DEFENDANT: ROLAND GARCIA
CASE NUMBER: 1:24-CR-00100(14)-RP

[7] The defendant shall work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses the defendant from doing so. If the defendant does not have full-time employment, he or she shall try to find full-time employment, unless the probation officer excuses the defendant from doing so. If the defendant plans to change where the defendant works or anything about his or her work (such as the position or job responsibilities), the defendant shall notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, the defendant shall notify the probation officer within 72 hours of becoming aware of a change or expected change.

[8] The defendant shall not communicate or interact with someone the defendant knows is engaged in criminal activity. If the defendant knows someone has been convicted of a felony, the defendant shall not knowingly communicate or interact with that person without first getting the permission of the probation officer.

[9] If the defendant is arrested or questioned by a law enforcement officer, the defendant shall notify the probation officer within 72 hours.

[10] The defendant shall not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified, for the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

[11] The defendant shall not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

[12] If the probation officer determines that the defendant poses a risk to another person (including an organization), the probation officer may require the defendant to notify the person about the risk and the defendant shall comply with that instruction. The probation officer may contact the person and confirm that the defendant has notified the person about the risk.

[13] The defendant shall follow the instructions of the probation officer related to the conditions of supervision.

[14] If the judgment imposes other criminal monetary penalties, it is a condition of supervision that the defendant pay such penalties in accordance with the Schedule of Payments sheet of the judgment.

[15] If the judgment imposes a fine, special assessment, restitution, or other criminal monetary penalties, it is a condition of supervision that the defendant shall provide the probation officer access to any requested financial information.

[16] If the judgment imposes a fine, special assessment, restitution, or other criminal monetary penalties, it is a condition of supervision that the defendant shall not incur any new credit charges or open additional lines of credit without the approval of the probation officer, unless the defendant is in compliance with the payment schedule.

[17] If the defendant is excluded, deported, or removed upon release on probation or supervised release, the term of supervision shall be a non-reporting term of probation or supervised release. The defendant shall not illegally re-enter the United States. If the defendant is released from confinement or not deported, or lawfully re-enters the United States during the term of probation or supervised release, the defendant shall immediately report in person to the nearest U.S. Probation Office.

DEFENDANT:         ROLAND GARCIA
CASE NUMBER:       1:24-CR-00100(14) -RP

# CRIMINAL MONETARY PENALTIES/SCHEDULE

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth. Unless the Court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment.

Criminal Monetary Penalties, except those payments made through Federal Bureau of Prisons' Inmate Financial Responsibility Program, shall be paid through the Clerk, United States District Court, Attn: Mail Log, 501 West Fifth Street, Suite 1100, Austin, TX, 78701or online by Debit (credit cards not accepted) or ACH payment (direct from Checking or Savings Account) through Pay.gov (link accessible on the landing page of the U.S. District Court's Website). **Your mail-in or online payment must include your case number in the exact format of DTXW124CR000100-014 to ensure proper application to your criminal monetary penalty**. The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

If the defendant is not now able to pay this indebtedness, the defendant shall cooperate fully with the office of the United States Attorney, the Federal Bureau of Prisons and/or the United States Probation Office to make payment in full as soon as possible, including during any period of incarceration. Any unpaid balance at the commencement of a term of probation or supervised release shall be paid on a schedule of monthly installments to be established by the U.S. Probation office and approved by the Court.

|        | **Assessment** | **Fine** | **Restitution** |
|--------|---------------:|---------:|----------------:|
| **TOTALS** | $100.00 | $.00 | $.00 |

## SPECIAL ASSESSMENT

It is ordered that the defendant shall pay to the United States a special assessment of $100.00. Payment of this sum shall begin immediately.

## FINE

The fine is waived because of the defendant's inability to pay.

## FORFEITURE

The defendant shall forfeit all right, title and interest in the following property:
Any property constitution, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation,
Any of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of , such violation.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column above. However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States is paid.

If the fine is not paid, the court may sentence the defendant to any sentence which might have been originally imposed. See 18 U.S.C. §3614.

The defendant shall pay interest on any fine or restitution of more than $2,500.00, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. §3612(f). All payment options may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.